UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x
:
GARDEN CITY BOXING CLUB, INC.,
:
               Plaintiff,            :

     - against -
:
OUSMANE FOFANA and NEW RESTAURANT
BON APETIT CORP.,             :

           Defendants.   :

- - - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

05 Civ. 3409 (DC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/06

**APPEARANCES:**   LONSTEIN LAW OFFICE P.C.
                   Attorneys for Plaintiff
                     By:  Julie Cohen Lonstein, Esq.
                   1 Terrace Hill, P.O. Box 351
                   Ellenville, New York  12428

                   OUSMANE FOFANA
                   Pro Se Defendant
                   46 St. Nicholas Ave.
                   New York, New York  10026

**CHIN, D.J.**

      This is one in an array of cases brought by plaintiff
Garden City Boxing Club, Inc. ("Garden City") to recover for
unauthorized showings of Pay-Per-View boxing broadcasts in
commercial establishments.  Here, Garden City moves for summary
judgment as to liability against defendant Ousmane Fofana,
alleging that Fofana violated 47 U.S.C. § 605 and § 553, for his
role in showing the Oscar de la Hoya/Bernard Hopkins boxing
program (the "Fight") at the Restaurant Bon Apetit
("Bon Apetit") on September 18, 2004 -- without properly

obtaining a license.  For the reasons that follow, the motion is granted.[1]

**BACKGROUND**

## A.    The Facts[2]

Garden City owns exclusive broadcast rights to the Fight.  (Affidavit of Joseph Gagliardi ("Gagliardi Aff.") ¶ 3 & Ex. 1).  On September 18, 2004, Bon Apetit, a commercial establishment, was open for business, and had the capability to receive satellite and/or cable television broadcasts. (Affirmation of Julie Cohen Lonstein ("Lonstein Aff.") Ex. A). That evening, Bon Apetit exhibited a portion or all of the Fight, even though Bon Apetit was not authorized by Garden City to display it.  (Id.).

Fofana, the officer, director, shareholder, and/or principal of Bon Apetit, was the individual with supervisory capacity over the activities of the restaurant on that date, and he received a financial benefit for displaying the Fight.  (Id.).

## B.   Procedural History

On or about May 30, 2005, plaintiff commenced the present action against defendants, alleging that defendants

---

[1]    This motion has been filed only against Fofana. Because Bon Apetit never answered, Garden City has separately moved for a default judgment against Bon Apetit.

[2]    Fofana did not respond to plaintiff's requests for admission.  Accordingly, pursuant to Rule 36 of the Federal Rules of Civil Procedure, those requests are deemed admitted as a matter of law.  See Fed. R. Civ. P. 36(a).

violated 47 U.S.C. §§ 553 and 605, by showing the Fight in their establishment for direct commercial gain without authorization from plaintiff.

On or about July 21, 2005, plaintiff received two notices of motion and an affirmation from Fofana.  The documents requested an enlargement of time to answer.  Subsequently, on September 2, I ruled that one of the notices of motion would be deemed Fofana's pro se answer, and that the other motion would be denied as moot.

On September 7, 2005, plaintiff served Fofana with discovery requests, including, inter alia, requests for admission.  Having not received a response, plaintiff sent a letter to Fofana -- in an attempt to compel discovery -- five days prior to his deadline to respond to the requests for admission.

On November 4, 2005, Fofana appeared at a conference before me.  I ordered that all discovery was to be completed by January 20, 2006, and that Bon Apetit, the corporate defendant, would be given an additional two weeks to obtain counsel.

To date, Bon Apetit has not filed an answer, and thus, there is a request to enter default pending against it.  In addition, Fofana has not responded to plaintiff's discovery requests.  On December 12, 2005, plaintiff filed a "Notice of Facts Deemed Admitted," informing Fofana that his failure to respond to plaintiff's requests for admission were considered to be admissions pursuant to Fed. R. Civ. P. 36.  (Lonstein Aff. ¶

- 3 -

10 & Ex. C).  On March 1, 2006, plaintiff filed the instant
motion for summary judgment against Fofana.  Fofana has not
responded to the motion.

**DISCUSSION**

**A.    Applicable Law**

     **1.    Summary Judgment Standard**

     Summary judgment will be granted when "there is no
genuine issue as to any material fact and . . . the moving party
is entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475
U.S. 574, 585-87 (1986).  Accordingly, the court's task is not to
"weigh the evidence and determine the truth of the matter but to
determine whether there is a genuine issue for trial."  Anderson
v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Summary
judgment is inappropriate if, resolving all ambiguities and
drawing all inferences against the moving party, there exists a
dispute about a material fact "such that a reasonable jury could
return a verdict for the nonmoving party."  Id. at 248; accord
Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir.
1991).

     To defeat a motion for summary judgment, however, the
nonmoving party "must do more than simply show that there is some
metaphysical doubt as to the material facts."  Matsushita Elec.
Indus., 475 U.S. at 586.  There is no issue for trial unless
there exists sufficient evidence in the record favoring the party

opposing summary judgment to support a jury verdict in that
party's favor. Anderson, 477 U.S. at 249-50. "If the adverse
party does not so respond, summary judgment, if appropriate,
shall be entered against the adverse party.' Fed. R. Civ. P.
56(e); Patterson v. County of Oneida, New York, 375 F.3d 206, 219
(2d. Cir. 2004).

### 2. The Piracy Statutes -- 47 U.S.C. § 605 and § 553

Section 553 provides that "no person shall intercept or
receive . . . any communications service offered over a cable
system, unless specifically authorized to do so by a cable
operator or as may otherwise be specifically authorized by law."
47 U.S.C. § 553(a)(1). Section 605 provides that "[n]o person
not being entitled thereto shall receive or assist in receiving
any interstate or foreign communication by radio and use such
communication (or any information therein contained) for his own
benefit or for the benefit of another not entitled thereto." 47
U.S.C. § 605(a). Section 605 has been interpreted to apply to
the interception of satellite communications. See Int'l
Cablevision, Inc. v. Sykes, 75 F.3d 123, 133 (2d Cir. 1996)
("Section 605 not only prohibits unauthorized interception of
traditional radio communications, but also communications
transmitted by means of new technologies. For example, existing
section 605 provides protection against the unauthorized
reception of . . . satellite communications. This amendment
. . . is intended to preserve this broad reach.") (quoting 130
Cong. Rec. S130, reprinted in 1984 U.S.C.C.A.N. 4746); see also

Garden City Boxing Club, Inc. v. Guzman, No. 03 Civ. 8776, 2005
WL 1153728, at *2 (S.D.N.Y. Apr. 26, 2005) ("[W]hen the
transmission involves a radio or satellite signal, section 605 is
appropriately applied, whether the defendant intercepts that
signal directly or indirectly.") (citations omitted).

        If a defendant has violated both § 553 and § 605, the
Court should award damages only under § 605.  See Int'l
Cablevision, Inc. v. Sykes, 997 F.2d 998, 1009 (2d Cir. 1993)
("If [Section 605] was violated and [the plaintiff] was aggrieved
thereby, the court should grant [the plaintiff's] request for
damages under § 605(e) instead of granting the lesser damages
under § 553.").

**B.    Application**

        Here, as a result of Fofana's failure to respond to
plaintiff's requests for admission, and his failure to oppose
this motion, the Court is left with only plaintiff's version of
the facts.  Under those facts, Fofana was the shareholder and/or
principal of Bon Apetit -- and was responsible for the activities
of Bon Apetit on the night of September 18, 2004 when the Fight
was shown.  Moreover, the restaurant showed the fight through
closed circuit cable television without permission from
plaintiff, and thus, must have used either an illegal satellite
receiver to intercept plaintiff's signal, or an illegal cable
converter box to intercept plaintiff's broadcast.  Fofana is
therefore liable under both § 553 and § 605.  See Kingvision Pay-
Per-View, 2002 WL 654137, at *3 (finding a violation of both §

553 and § 605 where defendants intercepted and received boxing
fight without authorization at commercial establishment).   Where
a defendant has violated both § 553 and § 605, however,
plaintiff's damages should be calculated under § 605.   See Sykes,
997 F.2d at 1009.

Accordingly, the Court concludes that there is no
genuine issue for trial, and that a reasonable juror could only
find that Fofana illegally broadcast the Fight in violation of
the Piracy Statutes.   Summary judgment on the issue of liability
against Fofana is granted.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for
summary judgment as to liability against Fofana is granted.   On
or before October 20, 2006, Garden City shall submit a proposed
judgment setting forth its proposed damages, attorneys' fees, and
costs.   Fofana may object to the proposed judgment on or before
October 27, 2006.

SO ORDERED.

Dated:     New York, New York
           October 13, 2006

                                    DENNY CHIN
                                    United States District Judge

- 7 -